Turley, J.
delivered the opinion of the court.
Some time in the month of May, 1846, Agnes Johnson died in the county of Dickson, State oft Tennessee, and Thos. Murrell administered upon her estate; and at the October term, 1846, of the circuit court of the county, filed his bill, ex parte, alleging that the perishable property belonging to the estate was not sufficient to pay the debts of the estate; and asking a- decree to sell two negroes belonging to it, for that purpose. A decree was given by the circuit court to that effect. And the complainants, the heirs at law and distributees of the said Agnes, file this, their bill, to restrain a sale of the negroes under the decree, upon the alleged ground, that there are no debts due from the estate to make it necessary to sell the negroes; and that the attempt to do so by the administrator is a fraud upon their rights.
*302 It appears from the proceedings in the case, that there are no debts of the estate, requiring a sale of the negroes, unless certain demands of the administrator against the estate, in his own right, are to be so regarded; and it is insisted that they are not; because they are barred by the statute of limitations; to which it is replied, that an executor or administrator is not bound to plead the statute of limitations; and that therefore he may retain for his own debts though they be barred by the statute; and of course may, if need be, file his bill for a sale of negroes, under the statute in such case made and provided.
Then the only question presented for our consideration, is whether an executor or administrator can lawfully retain a debt due him from the estate which he represents, which was barred by the statute of limitations, before he administered. And we are very clear that he cannot; upon unquestionable principles of right and wrong.
It is not intended to be questioned, that an executor or administrator is not bound to plead the statute of limitations, to an action commenced against him by a creditor of the estate; for he may know that the debt is a just one, and that it ought in foro conscientice to be paid, though it be barred by the statute; and representing the estate in the place of the deceased, being bound morally and legally for its proper protection, and having-no interest in the debt sued for, there can be no reasonable supposition that he will collude with the creditor to defraud it; and therefore it is considered perfectly safe, to let him rely upon the statute of limitations or not, at his own discretion, as the deceased himself could have done had he been alive.
*303 But very different is it, when he himself seeks to charge the estate with his own debt which is barred by the statute of limitations; his position then becomes antagonistic to the estate; and other creditors and the distributees, are the persons to judge as to the propriety of resisting his claim upon the ground that it is barred by the statute; and this they may do upon a bill to settle the estate, or as in the present case, to prevent the sale of negro property, upon an application to sell it for the payment of such debt; or in the case of creditors by setting it up as a defence against a retainer, upon the plea of fully administered.
A contrary principle would never do; men cannot be trusted with such a high fiduciary power, to be exercised by them in cases affecting their own claims; the necessary consequence would be, that they never would fail to pay their own . debts barred by the statute, no matter how iniquitous it might be not to set up the defence; and it would become a matter of struggle, with every creditor, upon whose claims the statute was operative, for the administration of the estate, with the sole view of saving his debt.
There is no adjudged principle of law permitting such thing, and there never should be. Let the creditor whose claims are barred by the statute, permit the administration to go into other hands; then he can be met at arms length by an adversary, who can properly represent the estate; if he can satisfy him that the bar of the statute ought not in conscience to be taken advantage of, well and good; he can then get his debt; more than this ■ he ought not to claim.
In the case of Tibbs vs. Carpenter, 1 Madd., 298, under the common decree in an administration suit, a cred *304 itor applied to prove a debt barred by the statute of limitations; and the executor refusing to interfere, the plaintiff, as residuary legatee, insisted upon setting up the statute; and Sir John Leach, M, R., held that it was ■ competent for the complainant, or any other person interested in the fund to take advantage of the statute before the master, notwithstanding the refusal of the executor; and this decision was confirmed by Lord Chancellor Brougham upon appeal.
This is a much stronger case than the one now under consideration, for who can doubt, if the chancellor permitted a person interested in the fund to stop a creditor barred by the statute of limitations, when the executor refused to do it, that he would much more readily have permitted him to stop the executor himself, in an at-t tempt to charge the fund with his own debt barred by the statute.
We therefore reverse the decree of the chancellor in this case, and give the relief asked by the complainants.